■ In the Matter of TRENTON G., Alleged to be a Permanently Neglected Child. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LIANNE H., Appellant. [952 NYS2d 918]—

Rose, J.P. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered December 21, 2011, which granted petitioner's application, in a proceeding pursuant to

Family Ct Act article 10, to adjudicate respondent's child to be neglected.

In 2011, petitioner commenced this proceeding pursuant to Family Ct Act article 10 seeking to have respondent's son (born in 2009) adjudicated a neglected child due to, among other things, respondent's alleged abuse of drugs. Respondent was represented in the proceeding by the St. Lawrence County Conflict Defender's Office (hereinafter CDO). At the initial appearance, respondent consented to temporary placement of the child with the paternal grandmother. At a subsequent fact-finding hearing, the CDO attorney appearing for respondent disclosed that, since 2005, the CDO had represented an individual who was listed by petitioner as a potential witness. After further inquiry, however, Family Court concluded that the assignment of new counsel was not necessary because there was, at that point, no apparent conflict. The hearing continued and, before the potential witness was called to testify, the parties reached an agreement under which respondent consented to a finding of neglect. Following a dispositional hearing at which placement of the child was continued, again on consent, the agreed-upon order of fact-finding and disposition was entered.

Respondent now appeals from that order, basing her challenge upon the claim that she was deprived of the effective assistance of counsel due to the conflict of interest presented by the CDO's representation of an individual on petitioner's list of potential witnesses. However, given that an appeal does not lie from an order entered upon the consent of the appealing party (*see Matter of Violette K. [Sheila E.K.]*, 96 AD3d 1499 [2012]; *Matter of Shaliyah P. [Eddie P.]*, 90 AD3d 1054 [2011]; *Matter of Bianca QQ. [Kiyonna SS.]*, 75 AD3d 679, 681 [2010]), we must dismiss the appeal. Were we to consider the claim in any event, we would find it to be without merit.

Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.